1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS
2            EASTERN DIVISION

3   UNITED STATES OF AMERICA,          )   Docket No. 13 CR 00137
                                       )
4               Plaintiff,             )   Chicago, Illinois
                                       )   February 20, 2013
5          v.                          )   9:28 a.m.
                                       )
6   GROEB FARMS, INC.,                 )
                                       )
7               Defendant.             )

8

TRANSCRIPT OF PROCEEDINGS
9   BEFORE THE HONORABLE VIRGINIA M. KENDALL

10

APPEARANCES:
11

For the Government:      UNITED STATES ATTORNEY'S OFFICE BY
12                       MR. ANDREW S. BOUTROS
                         Assistant United States Attorney
13                       219 South Dearborn Street
                         5th Floor
14                       Chicago, Illinois 60604

15  For the Defendant:   FOLEY &  LARDNER by
                         MS. LISA MARIE NOLLER
16                       321 North Clark Street
                         Suite 2800
17                       Chicago, IL  60654

18

19

20

21

22  Court Reporter:      GAYLE A. McGUIGAN, CSR, RMR, CRR
                         Federal Official Court Reporter
23                       219 South Dearborn, Room 2318-A
                         Chicago, Illinois 60604
24                       (312) 435-6047
                         Gayle_McGuigan@ilnd.uscourts.gov
25

1      (In open court.)

2           THE CLERK:  This is case 13 CR 137-1, USA versus Groeb

3      Farms.

4           MR. BOUTROS:  Good morning, your Honor.  Andrew

5      Boutros on behalf of the United States.

6           THE COURT:  Good morning, Mr. Boutros.

7           MS. NOLLER:  Good morning, your Honor.  Lisa Noller on

8      behalf of Groeb Farms.

9           THE COURT:  Good morning, Mr. Noller -- Miss Noller.

10     Sorry.  And?

11          MS. NOLLER:  This Rolf Richter, the corporate

12     representative.

13          THE COURT:  Good morning, sir.

14          It's my understanding that you have entered into a

15     Deferred Prosecution Agreement, and we are here for what would

16     be like an initial appearance and entry of that agreement on

17     the information.  Correct?

18          MR. BOUTROS:  That is correct, your Honor.

19          THE COURT:  Okay.  So what I thought I would do --

20     because I have not done one of these yet, like this -- would be

21     to go through the different provisions of the agreement and

22     make sure that the corporate representative is aware of those

23     provisions, and then sign off on the agreement, if appropriate.

24     Okay?

25          MR. BOUTROS:  Thank you, your Honor.

1          THE COURT:  All right.

2          MR. BOUTROS:  And, your Honor, we also have the

3     original signatures to the extent that the Court wants that --

4          THE COURT:  Oh, okay.

5          MR. BOUTROS:  -- ultimately filed with the Clerk's

6     office.

7          THE COURT:  We do need it to ultimately file.  Right.

8          Any changes with what I have in front of me?

9          MR. BOUTROS:  No, your Honor.

10         THE COURT:  Okay.  All right.

11         Well, good morning, sir.  Let me put you under oath,

12    because essentially you are going to be the representative of

13    the defendant corporation here.  And there is an agreement

14    between you and the United States Attorney's Office, and so

15    I'll need to ask you some questions and make sure that they are

16    truthful.  Okay?

17         MR. RICHTER:  Yes, ma'am.

18         THE COURT:  Miss Abraham?

19       (Mr. Rolf Richter sworn.)

20         THE COURT:  Okay.  And your name, sir?

21         MR. RICHTER:  My name is Rolf B. Richter.

22         THE COURT:  Okay.  So, Mr. Richter, you understand

23    that the United States has brought charges against Groeb Farms,

24    correct?

25         MR. RICHTER:  Yes, ma'am.

1    THE COURT:  And you're the chief executive officer?

2    MR. RICHTER:  I am the recently appointed chief

3    executive officer of the company, yes.

4    THE COURT:  Okay.  The document that I am looking at

5    and reviewing for with you right now is the document that's

6    entitled the Deferred Prosecution Agreement.

7    And is it your understanding that you, as the

8    corporate representative, are waiving the indictment, that you

9    could be entitled to having a grand jury return the charges

10   against the corporation, and that you are instead agreeing to

11   this one-count information, which is being brought by the

12   United States Attorney's Office here in Chicago?

13   MR. RICHTER:  Yes, your Honor.

14   THE COURT:  Do you understand that?

15   MR. RICHTER:  I fully understand that.

16   THE COURT:  Okay.  And the indictment -- or this

17   information, rather, charges that as a part of a fraudulent

18   practice that the entity received and brought merchandise --

19   namely, 22 containers of Chinese-origin honey, with a contract

20   value of $882,178, knowing the same to have been imported and

21   brought into the United States contrary to law and as part of a

22   fraudulent practice in violation of Title 18, United States

23   Code, Section 542.

24   Do you understand that?

25   MR. RICHTER:  Yes, ma'am, we do.

1          THE COURT:  Okay.  Now, you are accepting

2     responsibility for your conduct and that of the current and

3     former executives of the entity; is that your understanding?

4          MR. RICHTER:  Yes, your Honor, it is.

5          THE COURT:  Okay.  And that you're also agreeing that

6     you will fully cooperate with the United States Attorney's

7     Office and with other agencies as they request documents and

8     continue to investigate activity; is that your understanding?

9          MR. RICHTER:  That is my understanding, yes.

10          THE COURT:  The one area that you do not need to

11     provide documents is in the area of attorney-client privilege

12     or work product doctrine documents.  Do you understand that?

13          MR. RICHTER:  Yes, I do.

14          THE COURT:  Okay.  And also you are going to use your

15     best efforts to make available the present and former Board of

16     Directors, agents, officers, executives, and employees to

17     provide this information and possible testimony to the grand

18     jury.  Do you understand that?

19          MR. RICHTER:  Yes, I do.

20          THE COURT:  Okay.  You're going to have to pay a fine

21     of $2 million to the United States.  Is that your

22     understanding?

23          MR. RICHTER:  Yes, it is, your Honor.

24          THE COURT:  Okay.  And there are possibilities of

25     material breaches that are envisioned.  And if the entity

1  material -- materially breaches, then that money,

2  that $2 million, will not be returned to Groeb Farms.  Do you

3  understand that?

4          MR. RICHTER:  Yes, your Honor, I understand that.

5          THE COURT:  Okay.  In return for your cooperation and

6  this information being filed, you're going to have what we call

7  a deferred prosecution.  And, therefore, after 24 months from

8  today's date, then the U.S. Attorney's Office in the Northern

9  District of Illinois will move to dismiss this information,

10  provided that there are no material breaches.  Is that your

11  understanding?

12          MR. RICHTER:  That is fully my understanding, your

13  Honor.

14          THE COURT:  Okay.  The government, on the other hand,

15  except in the event of such a material breach, during the time

16  of the pendency of this deferred prosecution, is agreeing not

17  to further pursue investigations relating to the matters that

18  are set forth in the factual statement, which is a part of this

19  agreement.  Is that your understanding?

20          MR. RICHTER:  Yes, your Honor, it is.

21          THE COURT:  Okay.  Now, I'm not bound by this

22  agreement.  This agreement is one that is between the

23  United States Attorney's Office and Groeb Farms.  Do you

24  understand that?

25          MR. RICHTER:  Yes, I do.

1      THE COURT:  All right.  So I can choose to accept it

2  or not.

3      MR. RICHTER:  I'm fully aware of that, your Honor.

4      THE COURT:  Okay.  And then there are some waivers of

5  rights, especially -- and most importantly -- you are agreeing

6  that you're going to waive your right to a speedy trial

7  pursuant to the Sixth Amendment of the United States.  Do you

8  understand that?

9      MR. RICHTER:  Yes, I do, your Honor.

10     THE COURT:  Okay.  And then also in the case of a

11  material breach, if down the line the entity breaches for some

12  specific reason, then you are also waiving any type of statute

13  of limitations defense.  They can still bring charges, even if

14  the statute has run.  Do you understand that?

15     MR. RICHTER:  Yes, I do.

16     THE COURT:  Okay.  The breach of the agreement has

17  some language here which allows for Groeb Farms within 30 days

18  to make a presentation to the U.S. Attorney's Office and

19  explain why they believe, for example, it is not a material

20  breach.  Do you understand that?

21     MR. RICHTER:  Yes, I do.  I understand the period.

22     THE COURT:  And you understand, Mr. Boutros, that

23  you're going to give him that opportunity to make that

24  presentation to show that it isn't a material breach.

25     MR. BOUTROS:  I do, your Honor.

1          THE COURT:  Okay.  And then you are required as part

2     of this agreement to obey the law.  Do you understand that?

3          MR. RICHTER:  Yes.

4          THE COURT:  Okay.  And you're also required not to

5     make any contrary public statements that would contradict the

6     factual statement that is attached to this particular deferred

7     prosecution.  Do you understand that?

8          MR. RICHTER:  Yes, we're well aware of that

9     responsibility.

10          THE COURT:  Okay.  This -- this agreement is also

11     going to become a part of any sale or transfer of assets, if

12     you were to do that in the future.  You would have to require

13     that to be a part of that agreement.  Do you understand that?

14          MR. RICHTER:  Yes, I do.

15          THE COURT:  Okay.  So that the next purchaser or

16     successor would carry those obligations that you now hold as a

17     representative.

18          MR. RICHTER:  Yes.

19          THE COURT:  Okay.  And this particular agreement

20     doesn't bind any other federal agencies or any state or local

21     authorities, except the U.S. Attorney's Office for the Northern

22     District of Illinois.  Do you understand that?

23          MR. RICHTER:  Yes, we do -- yes, I do.

24          THE COURT:  Okay.  I believe that covers the

25     significant agreements.

1    Mr. Boutros, is there something that you think I

2  should mention other than those?

3    MR. BOUTROS:  No, your Honor.

4    And really at this time -- I think you've covered it,

5  your Honor.  And at this time, really the three additional

6  areas would be to have the time under the Speedy Trial Act held

7  in abeyance and tolled under 3161(h)(2) in order to have the

8  period of the deferral go into effect.  That provision

9  specifically says that any period of delay during which

10  prosecution is deferred by the attorney for the government,

11  pursuant to a written agreement with the defendant and with the

12  approval of the Court, for the purpose of allowing the

13  defendant to demonstrate his good conduct.

14    THE COURT:  Okay.

15    MR. BOUTROS:  And so we would ask your Honor that you

16  exclude time from the Speedy Trial Act.

17    We would also ask your Honor that you hold all

18  criminal proceedings in abeyance for the 24-month period.

19    And we would ask your Honor at this time that you also

20  enter the agreement, given that it is knowing and voluntary and

21  as you have now gone over it with Mr. Richter.

22    THE COURT:  Okay.  Miss Noller, do you have anything

23  that you think I missed in reviewing the highlights of the

24  agreement?

25    MS. NOLLER:  No, your Honor.

1    THE COURT: Okay. All right. I will just say that

2    the factual statement, which is the one that you have agreed to

3    comport with in your corporate public statements, is contained

4    as Exhibit A.

5         And have you had a chance to review that factual

6    statement, sir?

7         MR. RICHTER: Yes, ma'am, I have.

8         THE COURT: And did you go over it with Miss Noller or

9    one of her colleagues in detail?

10        MR. RICHTER: Extensively, ma'am.

11        THE COURT: Okay. And so do you have any reason to

12   change or question the basis of that factual statement?

13        MR. RICHTER: No, I do not.

14        THE COURT: Okay. All right. Then based upon your

15   answers and statements, I will accept this Deferred Prosecution

16   Agreement.

17        I will hold all criminal prosecution -- proceedings in

18   abeyance.

19        And I will toll the time from today until two years

20   from today for when we'll have a status regarding whether or

21   not this can be dismissed.

22        And we will have a hearing -- a status hearing at that

23   time, where you'll come in and we'll dismiss it formally, so it

24   just doesn't go off informally off the record, okay?

25        So I guess we can put -- I don't know if we can put a

1    status two years out.

2              THE CLERK:  We can.

3              THE COURT:  It will allow us?

4              THE CLERK:  Uh-hum.

5              THE COURT:  Okay.  All right.  Anything else that

6    anyone thinks we need to cover before we move you on your way?

7              MS. NOLLER:  Your Honor, can we excuse the client's

8    participation in the status two years hence?

9              THE COURT:  That's fine.  That's fine.  And I assume

10   if there's a material breach, it will be brought to each

11   others' attention, and then it will be brought to mine.

12             Okay.  Thanks very much.

13             MR. BOUTROS:  Thank you so much, your Honor.

14             MS. NOLLER:  Thank you.

15             THE COURT:  Thank you.

16        (Proceedings concluded.)

17                  C E R T I F I C A T E

18        I certify that the foregoing is a correct transcript of the

19   record of proceedings in the above-entitled matter.

20

21   _/s/ GAYLE A. McGUIGAN_____        _May 2, 2014_
22   Gayle A. McGuigan, CSR, RMR, CRR                Date
     Official Court Reporter
23                                          _May 2, 2014_
     _____
24   Gayle A. McGuigan, CSR, RMR, CRR                Date
     Official Court Reporter
25